IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 15-cr-00029-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. ISHMAEL PETTY,

    Defendant.

## GOVERNMENT'S SENTENCING STATEMENT

    The United States of America, by and through the undersigned Assistant United States Attorney for the District of Colorado, submits the following Sentencing Statement pursuant to Local Rule 32.1, reserving the right to file a statement pursuant to USSG. § 6A1.3(a) in response to the Pre-Sentence Investigation Report.

### I.    BACKGROUND

    On July 14, 2015, a jury found the defendant guilty of all three counts of assaulting, resisting, or impeding a federal officer. Sentencing is set for October 30, 2015.

### II.    STATEMENT OF FACTS

    The evidence at trial established that on September 11, 2013, the defendant brutally assaulted two educational technicians and one case manager at the Administrative Maximum Security (ADX) prison in Florence, Colorado.

    The evidence showed that the defendant meticulously planned the attack. On the

morning of September 11, 2013, the defendant compromised security and managed to hide in the area between the two doors to his cell. The area, known as the sally port, is between an outer, solid steel door and an inner grill with bars. The defendant perched inside that area wearing homemade body armor and a homemade shank that he kept in a sheath on his pants.

Just before 7 a.m. that morning, two educational technicians, Ralph Smith and Brianne Smith, headed to the defendant's range in the Delta Unit of ADX to deliver library books. DeeDee McEvoy, a case manager, was also heading to that range to conduct rounds with the inmates. Ralph Smith and Brianne Smith started at the far end of the range, at Cell 107. Dee Dee McEvoy was a few feet away, speaking with an inmate in Cell 105. As the educational technicians approached the defendant's cell, they radioed to the guard in the bubble to open the outer door, expecting to step into the sally port and hand the defendant his books through the bars of the inner door. They did not know that the defendant was hiding between the two cell doors.

When Brianne Smith stepped into his cell, the defendant jumped out and sprayed hot sauce in her eyes, temporarily blinding her, then began attacking Ralph Smith. He hit Ralph Smith repeatedly, first using his hands, and then using a baton he took from Dee Dee McEvoy as she tried to stop the attack. As the defendant relentlessly hit Ralph Smith's head and body over and over again with the baton, Ralph Smith laid on his back in the hallway, trying to shimmy away. Ralph Smith tried to defend himself, kicking and flailing his arms, but he was no match against the defendant. The defendant managed to get Ralph Smith's baton, too. With a baton in each hand, he kept hitting Ralph Smith. He

hit both women, too – DeeDee McEvoy on the hand and Brianne Smith on the arm – as they frantically tried to protect Mr. Smith and stop the beating. When another guard finally came to the rescue, and the defendant returned to his cell, Ralph Smith was on the ground on his back, a trail of blood on the floor and a pool of blood under his head.

As a result of the attack, Ralph Smith suffered severe injuries to his head and his hand. He also suffers from post-traumatic stress disorder as a result of the attack. Brianne Smith and DeeDee McEvoy also suffered injuries, for which they were treated at a nearby hospital. DeeDe McEvoy continues to experience hand pain as a result of the attack.

For this conduct, a jury found the defendant guilty of three felony counts of assaulting, resisting, or impeding a federal officer.

### III.    RELEVANT SENTENCING FACTORS

A. The Base Offense Level is 14 [s2A2.2].

B. There is an increase of 2 levels for more than minimal planning [(b)(1)].

C. There is an increase of 4 levels for use of a dangerous weapon [(b)(2)(B)].

D. There is an increase of 6 levels for permanent bodily injury [(b)(3)(C)].

E. There is an increase of 2 levels for being convicted under s111(b) and a 6 level increase for Official Victim [3A1.2(c)].

F. There is a 3 level increase because there is no grouping of victims [3D1.4].

G. Thus, the Total Offense Level is 37.

H. Defendant's Criminal History Category is VI. Defendant is a Career Offender but the Offense Level above is higher than provided by the Career Offender

section, so the guideline range is 360-life. Statutory maximum is 20 years.

### IV.     GOVERNMENT'S RECOMMENDATION FOR SENTENCE IMPOSED

The government submits that the statutory maximum of 20 years is the appropriate sentence based on the severity of the crime and the defendant's incredibly violent history.

Dated this 5th day of August, 2015.

           Respectfully submitted,
           JOHN F. WALSH
           United States Attorney

By:     *s/Colleen Covell*
           Colleen Covell
           Assistant U.S. Attorney
           Rebecca Weber
           Assistant U.S. Attorney
           1225 Seventeenth Street, Suite 700
           Denver, Colorado  80202
           Telephone:  303-454-0100
           Facsimile:  303-454-0403
           E-mail:  colleen.covell@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August, 2015, I electronically filed the foregoing **SENTENCING STATEMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Scott Varholak**
Email:         Scott_Varholak@fd.org

>*s/Kaily Kannianen*
>KAILY KANNIANEN
>Legal Assistant
>1225 Seventeenth Street, Suite 700
>Denver, Colorado  80202
>Telephone:  303-454-0100
>Facsimile:  303-454-0403
>E-mail:  Kaily.kannianen@usdoj.gov

5