IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 15-cr-00029-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     ISHMAEL PETTY,

    Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S RESPONSE AND
OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT**

---

      The United States of America, by John F. Walsh, United States Attorney for the District of Colorado, and Colleen Covell and Rebecca Weber, Assistant United States Attorneys, hereby submits the following response to Defendant's Response and Objection to the Presentence Investigation Report [DOC 56].

      In his Response, Defendant makes the argument that he should not be considered a Career Offender under section 4B1.1 of the Sentencing Guidelines because his three prior convictions – Armed Robbery, Armed Bank Robbery, and Second Degree Murder – do not constitute crimes of violence as set forth in the Guidelines. There is no merit to his argument and the Court should overrule the objection and apply the Career Offender enhancement as set forth in the Presentence Investigation Report.

The Court does not need to address Defendant's novel claim that murder and armed robbery do not contain an element of the use of force and, therefore, cannot be considered crimes of violence because a straight reading of the relevant Guidelines decides the issue. The commentary to the Career Offender provision of the Guidelines specifically enumerates Defendant's prior convictions as crimes of violence:

> "Crime of violence" includes *murder*, manslaughter, kidnapping, aggravated assault, forcible sex offenses, *robbery*, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

Commentary to §4B1.2, Application Note 1 (emphasis added). The Supreme Court has held that "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 36, 38 (1993). The Supreme Court went on to say that the Commission's interpretation of "crime of violence" to include the offenses listed in the commentary "does not run afoul of the Constitution or a federal statute" and "is not plainly erroneous or inconsistent with §4B1.2." *Id.* at 47.

Defendant's only response to this well-settled law is to make a baseless assertion that the enumerated offenses in Application Note 1 are based on the residual clause that is now considered unconstitutionally vague after the Supreme Court's ruling in *Johnson v. United States*, 135 S.Ct. 2551 (2015). He cites no authority for this claim. Nothing in the Commentary suggests that the enumerated offenses were drawn from the residual clause. In fact, a review of the United States Sentencing Commission's recent Proposed Amendment to the definition of the term "crime of violence" under §4B1.2, scheduled to take place in 2016, confirms that the Career Offender provision specifically

contemplates murder and robbery as crimes of violence. The Proposed Amendment acknowledges the holding in *Johnson* and removes the residual clause in §4B1.2(a)(2). More important to the issue in this case, it clarifies that the enumerated offenses currently set forth in the Application Note – including murder and robbery – are *in fact* crimes of violence for purposes of the Career Offender provision and moves them into the body of the Guideline:

> *In addition, the proposed amendment amends §4B1.2 to clarify and revise the list of "enumerated" offenses. While some offenses covered by the definition are listed in the guideline (such as burglary of a dwelling, arson, and extortion), many other offenses covered by the definition are listed in the commentary instead (e.g., murder, kidnapping, aggravated assault, robbery). The proposed amendment makes some revisions to the list of enumerated offenses, moves all enumerated offenses to the guideline, and provides definitions for the enumerated offenses in the commentary.*

*See* Proposed Amendments to Sentencing Guidelines, August 12, 2015 at http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20150812_RF_Proposed.pdf.

Thus, the Guidelines themselves, as well as the controlling Supreme Court precedent interpreting those Guidelines, make clear that Defendant is properly considered a Career Offender under §4B1.1. Accordingly, Defendant's Objection should be overruled.

Respectfully submitted,

JOHN F. WALSH
United States Attorney

*s/Colleen Covell*
By:    COLLEEN COVELL
*s/Rebecca Weber*
By:    REBECCA WEBER
Assistant United States Attorneys
1225 Seventeenth Street, Ste 700
Denver, Colorado  80202
Telephone:  (303) 454-0100
Fax: (303) 454-0402
Email:Colleen.covell@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of October, 2015, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S RESPONSE AND OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

Scott Varholak
Scott_Varholak@fd.org

_s/Kaily Kannianen_
KAILY KANNIANEN
Legal Assistant
U.S. Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
Telephone: (303) 454-0100
FAX: (303) 454-0406
E-mail: Kaily.Kannianen@usdoj.gov